[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2007
THOMAS K. KAHN
CLERK

No. 07-12840
Non-Argument Calendar
_____

BIA No. A79-487-869

MIGUEL LEONARDO CALA,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 12, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Leonardo Cala, a native and citizen of Venezuela, petitions this

Court to review the decision of the Board of Immigration Appeals ("BIA"), which

affirmed the Immigration Judge's ("IJ") order finding Cala removable, dismissing

as untimely his application for asylum, and denying his application for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). On appeal, Cala argues: (1) that he established extraordinary circumstances for failing to file his asylum application within one year of arriving in the United States, and (2) that he established a well-founded fear of persecution, based on political and religious opinions contrary to President Hugo Chavez, sufficient to warrant withholding of removal under the INA and the CAT. After careful review, we dismiss the petition for review as to asylum, and deny it as to withholding of removal under the INA and the CAT.

As a preliminary matter, we consider the scope of our jurisdiction over the petition for review. We review questions of subject-matter jurisdiction de novo. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). An application for asylum must be filed within one year of entering the United States. See INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). Section § 208(a)(2)(D) of the INA, in turn, provides for the filing of untimely applications, upon a showing of extraordinary circumstances relating to the delay in filing the asylum application. See 8 U.S.C. § 1158(a)(2)(D). The INA makes clear that this Court lacks jurisdiction to review the Attorney General's extraordinary-circumstances

2

determination.  See INA § 208(a)(3), 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); see also Ruiz, 479 F.3d at 765 (holding that § 1158(a)(3) divests the Court of jurisdiction to review decisions of whether an alien complied with the one-year time limit, or whether extraordinary circumstances were present to justify untimely filing of the asylum application (citing Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003))).  To the extent Cala seeks review of whether he established extraordinary circumstances excusing the late filing of his asylum application, we lack jurisdiction and dismiss the petition for review as to his asylum claim.[1]

As for Cala's claims for withholding of removal under the INA and the CAT,[2] based on religious and political opinions against President Hugo Chavez and his administration, when the BIA issues a decision separate from the IJ, we review only the BIA's decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion."  Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242

---

[1]   Following the enactment of the Real ID Act, which governs all applications filed after May 11, 2005, federal courts were given jurisdiction to review "constitutional claims or questions of law" arising from some previously non-reviewable, discretionary rulings. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (citing INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D)).  However, the "timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes."  Id.

[2]Since an application for withholding of removal is not subject to the one-year time limitation placed on asylum applicants, we may review petitioner's eligibility for withholding of removal. See Ruiz, 479 F.3d at 765.

(11th Cir. 2004). "Insofar as the Board adopts the IJ's reasoning, we review the IJ's decision as well." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA issued a decision in which it adopted the IJ's reasoning regarding Cala's credibility without making additional findings. We therefore review the IJ's decision regarding credibility as if it were the BIA's. Id.

We review credibility determinations under the substantial-evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (quotations and citations omitted). We have held that factual findings "may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Rivera v. U.S. Att'y Gen., 487 F.3d 815, 820 (11th Cir. 2007) (citing Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir.2004) (en banc)).

In the REAL ID Act of 2005, Congress amended the law regarding credibility determinations to permit an adverse credibility finding based on a

4

totality of the circumstances.  See Pub. L. No. 109-13, § 101(a)(3), 119 Stat. 230, 303 (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)).[3]  The Act provides, inter alia, the following:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

If a petitioner's testimony is credible, it may be sufficient, without corroboration, to satisfy his burden of proof in establishing his eligibility for relief from removal.  See 8 C.F.R. §§ 208.13(a), 208.16(b); Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287 (internal citation omitted). Where, however, the alien provides other evidence of

---

[3]  Because Cala filed his application after May 11, 2005, the date the REAL ID Act was enacted, these new provisions apply to his claim.  Id. § 101(h)(2), 119 Stat. 230, 305.

5

persecution, that evidence must be considered and the court may not rely solely on the adverse credibility finding. Id.

Under the INA, an alien is entitled to withholding of removal to a country if his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 123 1(b)(3)(A). If an applicant can show that he suffered past persecution, he is entitled to a presumption that future persecution would occur if he is returned to that country, subject to the government's ability to rebut that presumption. Ruiz, 479 F.3d at 766; 8 C.F.R. § 208.16(b)(1)(i)(A)-(B).

An applicant's claim for withholding of removal based on past persecution can fail "solely [because of] an adverse credibility determination, especially if the alien fails to produce corroborating evidence." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). Where an applicant provides other evidence of persecution, the IJ must consider that evidence and may not rely solely on the adverse credibility finding. Forgue, 401 F.3d at 1287. If the IJ offered "specific, cogent reasons" for an adverse credibility finding, "[t]he burden then shifts to the alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id.

6

Here, the IJ's adverse-credibility finding was based on specific, cogent reasons and is supported by substantial evidence. The IJ enumerated the following grounds for his adverse credibility determination: (1) inconsistencies and discrepancies between Cala's testimony at the asylum hearing and his previous statements to the asylum officer, as documented in the Referral Assessment; (2) differences in Cala's descriptions of several details of the incidents he alleged, as grounds for his Asylum Application, as well as the very number of such incidents; (3) internal inconsistencies in Cala's testimony at the asylum hearing; (4) the vagueness of Cala's testimony concerning his membership in a protected group and his involvement or leadership position in the group; and (5) the lack of corroborating evidence.

To the extent Cala argues that the inconsistencies and discrepancies are "trivial," "non-substantive," and "immaterial," he ignores the REAL ID Act's amendments to the INA, which permit an adverse credibility finding to be based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." See INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Likewise, Cala's argument that the IJ had to accept his testimony as truthful because nothing in the record showed that his testimony was untruthful also fails in light of the amendments to the INA. See INA

7

§ 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) ("There is no presumption of credibility."). In short, the IJ's finding that Cala was not credible is supported by substantial evidence, and the record does not compel a conclusion contrary to the IJ's decision.

An applicant who fails to establish past persecution is not entitled to a presumption of future persecution, but may, nonetheless, be entitled to withholding of removal. 8 C.F.R. § 208.16(b)(1)(iii), (b)(2). Cala asserts that he demonstrated a fear of future persecution due to his opposition to President Hugo Chavez and the Fifth Republic Movement. We disagree. In addition to an adverse credibility finding, the IJ also noted that the incidents of which Cala complained occurred in 1998. The IJ continued: "Given that respondent is not a leader in any political organization, and that he has not shown that there is otherwise any basis for him to be sought out for harm in Venezuela, the court finds that there is no objective basis for him to hear future harm in that country." The IJ highlighted that none of Cala's colleagues had ever been singled out for harm since 1998, nor had Cala presented evidence that any of his colleagues had left the country. Cala has not shown that these findings are unsupported by substantial evidence, nor has he shown that the record compels a conclusion contrary to the IJ's decision. Thus, we deny the petition for review as to his claim for withholding of removal.

8

Finally, there is no other evidence that compels reversal of the IJ's denial of CAT relief. To qualify for CAT relief, an alien must establish that it is more likely than not that he would be tortured if returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(2); Reyes-Sanchez, 369 F.3d at 1242. The alien must also demonstrate that the feared torture would be by the government or with the government's acquiescence, i.e., the government is aware of misconduct that it has a duty to prevent and fails to intervene. Reyes-Sanchez, 369 F.3d at 1242. From our review of the record, there is no evidence that it is more likely than not that if he returns to Venezuela, he will be tortured by a public official or person acting in an official capacity. Accordingly, we deny the petition for review as to Cala's CAT claim.

**DISMISSED IN PART, DENIED IN PART.**